# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5437 | **DATE** | 11/29/2000 |
| **CASE TITLE** | HRR Zimmerman Co. vs. Tecumseh | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Status hearing held and continued to 2/8/01 at 9:30 a.m. For the reasons stated in the attached Memorandum Opinion and Order, defendant's Motion for Leave to File First Amended Answer, Affirmative Defenses and Counterclaim [31][33] is granted, except as to proposed affirmative defenses 8, 9, and 10 as to which ruling is reserved. Defendant has 14 days from the date of this order to file and serve a brief citing authority supporting defendant's position that proposed affirmative defenses 8, 9, and 10 are not futile. Plaintiff has 14 days thereafter to file and serve a responsive brief. Ruling on proposed affirmative defenses 8, 9, and 10 will be by mail.
(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | NOV 3 0 2000 | 50 |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | FILED FOR DOCKETING | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 00 NOV 30 AM 8: 26 | 11/27/2000 | |
| tw | courtroom deputy's initials | | | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| H.R.R. ZIMMERMAN CO., <br> Plaintiff, <br> <br> v. <br> <br> TECUMSEH PRODUCTS CO. <br> Defendant. | DOCKETED <br> NOV 3 0 2000 <br> <br> Case No. 99 C 5437 <br> <br> Judge Ronald A. Guzman <br> Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER

Plaintiff H.R.R. Zimmerman ("Zimmerman") filed this action in August, 1999 alleging that defendant Tecumseh Products Co. ("Tecumseh") violated the Illinois Franchise Disclosure Act (815 ILCS 705/1 *et seq.*, the "Act") and its contract by terminating Zimmerman as a distributor without notice or good cause. Tecumseh moved in July, 2000 for leave to file an amended answer including six new affirmative defenses and a counterclaim. Tecumseh's counterclaim seeks to recover approximately $64,000 in costs of goods that Tecumseh claims were sold to Zimmerman but were not fully paid for, and approximately $2,750 in refunds for training tests that Tecumseh claims it had to pay because Zimmerman failed to pay the refunds. Tecumseh's counsel states that he prepared and filed the counterclaim as soon as possible after becoming aware of Tecumseh's claim.

Fed.R.Civ.P.13 requires a defendant to state as a counterclaim any claim the defendant has at the time of serving its answer that arises out of the same transaction or occurrence as the complaint. Tecumseh's counterclaim clearly arises from the same transaction or occurrence as the

1

50

complaint. Fed.R.Civ.P.13(f) allows a defendant to request leave of court to file an omitted counterclaim by amendment. Fed.R.Civ.P.15(a) provides that leave of court to amend a pleading "shall be freely given when justice so requires."

Leave to amend is freely given unless the amendment shows bad faith, undue prejudice or delay, or the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Zimmerman argues that Tecumseh knew or should have known of the alleged amounts owed to Tecumseh by August 1999, and that motion to file the counterclaim was made too close to the cut-off of discovery (then September 20, 2000) to the prejudice of Zimmerman. It has been observed that,

> virtually every amendment to a complaint results in some degree of prejudice to the defendant in that the potential for additional discovery arises as well as the possibility of a delay of the trial date. Thus, we have held that a motion for leave to amend will be denied only where such an amendment would cause "undue prejudice" to the defendant.

*Lanigan v. LaSalle Nat'l Bank*, 108 F.R.D. 660, 662 (N.D. Ill. 1985).

This appears to be a classic case where leave to amend should be given so that the purpose of the Federal Rules of Civil Procedure, the resolution of claims on their merits, can be achieved. Fed.R Civ.P.13(f) permits the filing of a counterclaim that was omitted by "oversight, inadvertence or excusable neglect." Zimmerman is not unduly prejudiced. Any damages that Zimmerman would recover on its breach of contract claim would presumably have to be calculated in light of amounts it owes to Tecumseh. The discovery cut-off date can be extended to cover the relatively limited scope of Tecumseh's counterclaim. The same is true of Tecumseh's proposed Affirmative Defense 12, claiming set-offs of amounts due.

Tecumseh's proposed Affirmative Defenses 6, 7 and 11 attempt to assert exemptions from, or defenses to, the application of the Act. Zimmerman argues that those defenses are untimely and

2

that Tecumseh should have known from the long-standing relationship of the parties that the exemptions are inapplicable. Tecumseh argues that it needed discovery to determine the factual basis for its exemptions, and that its motion for leave to file was made within 90 days after discovery effectively began with the entry of a protective order.

In *TO-AM Equipment Co., Inc. v. Mitsubishi Caterpillar Forklift America, Inc.*, 152 F.3d 658, 666 (7th Cir. 1998), the Seventh Circuit commented that manufacturers may not appreciate how vigorously Illinois law protects "franchisees." Tecumseh, a Michigan corporation, may have required some legal and factual research to determine the application of certain defenses. The merits of those defenses and the applicable date for determining the alleged "fractional franchise" do not have to be determined to allow Tecumseh to file the defenses. Whether those defenses will succeed or even survive a motion for summary judgment is not the issue on a motion for leave to file the defenses.

Tecumseh's proposed Affirmative Defense 10, alleging that Zimmerman was terminated for "good cause," raises different concerns. In its original answer and in its proposed amended answer, Tecumseh does not allege Zimmerman's failure to perform conditions in its contract "with particularity" as required by Fed. R. Civ. P. 9(c). (First Amended Answer, ¶16.) Instead, Tecumseh argues that it has recently learned that it would have had "good cause" to terminate Zimmerman. (Tecumseh's Reply to Plaintiff's Objections at 11.) Tecumseh has cited no authority supporting its position that it can retroactively claim "good cause" as the basis for the termination and avoid violating the Act.

Likewise, proposed Affirmative Defenses 8 and 9 allege, respectively, that the Act violates the Commerce Clause of the Constitution and that the application of the Act to sales outside Illinois is preempted by the Federal Trade Commission regulations. As noted above, leave to amend need

3

not be granted if the amendment would be futile. Tecumseh has cited no authority to support its proposed Affirmative Defenses 8 and 9 except to recite general statements of law. In light of the history of litigation concerning the Act, Tecumseh must demonstrate that its constitutional and preemption challenges to the Act are not futile in order to be given leave to file proposed Affirmative Defenses 8 and 9.

Therefore, Tecumseh is given leave to file it First Amended Answer, Affirmative Defenses and Counterclaim, except with respect to proposed Affirmative Defenses 8, 9 and 10, as to which ruling is reserved. Tecumseh has 14 days from the date of this ruling to file and serve a brief with additional authority supporting proposed Affirmative Defenses 8, 9 and 10. Zimmerman has 14 days thereafter to file and serve a brief in response. Ruling shall be by mail.

**IT IS SO ORDERED.**

**DATED: November 29, 2000**

Geraldine Soat Brown
**United States Magistrate Judge**

4