Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5437 | **DATE** | 3/14/2001 |
| **CASE TITLE** | H.R.R. ZIMMERMAN CO. vs. TECUMSEH PRODUCTS COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion for summary judgment is granted in part and denied in part. The Court grants defendant's motion as to Count II and denies the motion as to Count I.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAR 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

H.R.R. ZIMMERMAN CO., an Illinois )
corporation, d/b/a INDUSTRIAL ENGINE )
& PARTS DIVISION, )
)
    Plaintiff, )
)
v. ) No. 99 C 5437
)
TECUMSEH PRODUCTS COMPANY, ) Judge Ronald A. Guzman
a Michigan corporation, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Pending is defendant Tecumseh Products Company's ("Tecumseh") motion for summary judgment pursuant to Fed. R. Civ. Proc. ("Rule") 56. For the reasons contained herein, this motion is granted in part and denied in part.

## BACKGROUND

I.    **Industrial Engine's Failure to File a Local Rule 56.1(b) Statement**

Under Local Rule 56.1(a), the moving party on a motion for summary judgment is required to submit a statement of undisputed facts containing citations to the record. The non-movant must then submit:

> A concise response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to affidavits, parts of the record and other supporting materials relied upon, and, a statement consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to affidavits, parts of the record, and other supporting materials relied upon.

LR 56.1(b)(3)(A)-(B). In fact, all material facts set forth in the moving party's statement will be deemed to be admitted by the non-moving party unless contested in that party's statement. LR 56.1(b)(3)(B). Therefore, because Industrial Engine has not submitted a statement in response to Tecumseh's statement of undisputed facts, we will assume that all of the facts contained in Tecumseh's statement that were supported by citations to the record are true. *See Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922-24 (7th Cir. 1994); *see also Bradley v. Work*, 154 F.3d 704, 708 (7th Cir. 1998) (maintaining rigid compliance of Local Rule for summary judgment); *Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 567-68 (7th Cir. 1992) (upholding strict enforcement of Local Rule 12(N), the precursor to LR 56.1); *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir. 1992) (listing cases).

## II.    Undisputed Facts

H.R.R. Zimmerman Company, operating through Industrial Engine & Parts Division, ("Industrial Engine") is the plaintiff in this action. (Def.'s LR 56.1(a)(3) ¶ 1.) At times relevant to this case, plaintiff operated as a wholesale distributor of small engines, power train components and parts that were manufactured and/or supplied by Tecumseh for use in snowblowers, lawnmowers, and more. (*Id.* ¶ 1.) Defendant Tecumseh is a corporation that manufactures and sells small engines, power train components and other parts that are distributed and sold throughout the United States and abroad. (*Id.* ¶ 2.)

Industrial Engine and Tecumseh entered into a written Central Warehouse Distribution Agreement ("the CWD agreement") on or about March 5, 1998. (*Id.* ¶ 7.) Then, on or about February 23, 1999, Industrial Engine received a letter from Tecumseh stating that it was terminating the CWD agreement pursuant to a clause in the agreement allowing for termination

2

without cause on thirty (30) days written notice. (*Id.* ¶ 8.) The termination was to become effective on March 25, 1999. (*Id.*)

Plaintiff consulted an attorney in March of 1999 concerning the termination of the CWD agreement. (*Id.* ¶ 10.) Plaintiffs attorney sent letters by telecopier and first class mail to defendant's attorneys on March 11 and 12, 1999. (*Id.* ¶ 9.) Plaintiffs attorney additionally included a proposed complaint, which his firm had prepared, with the letter of March 12, 1999. (*Id.*) Larry Saylor, one of defendant's attorneys, received these documents and discussed them with plaintiffs attorney. (*Id.*) Andy Zimmennan, a principal of the plaintiff corporation, testified in his deposition that he and his attorneys became aware of a potential claim under the Illinois Franchise Disclosure Act ("IFDA") at a time no later than two weeks after the March 12, 1999 letter. (*Id.* ¶ 11.) Plaintiff filed this lawsuit on August 19, 1999 alleging that Tecumseh terminated the CWD agreement without cause, thereby violating the IFDA. (*Id.* ¶ 12.)

## DISCUSSION

Under Rule 56(c), summary judgment is proper if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Thus, Rule 56(c) requires the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element to that party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A party may not rest upon pleadings to oppose a motion for summary judgment and must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law governing the case determines which facts are

material. *Id.* at 248. This means that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In reviewing motions for summary judgment, courts normally must view the evidence in the light most favorable to the non-moving party. *Valley Liquors, Inc. v. Renfield Importers, Ltd.*, 822 F.2d 656, 659 (7th Cir. 1987). However, Illinois courts depart from this standard where, as here, the non-moving party has failed to comply with the requirement of Local Rule 56.1. Instead, all of the facts in the movant's statement are taken as true. *See Johnson v. Gudmundsson*, 35 F.3d 1104, 1108 (7th Cir. 1994).

Tecumseh first seeks summary judgment of Industrial Engine's IFDA claim on the ground that it is time barred. Section 27 of the IFDA, 815 ILL. COMP. STAT. 705/27, sets out three periods of limitation, the first of which to expire governs. The longest period is three years and begins to run once the act or transaction constituting the violation upon which the action is based occurs. The next longest period is one year and begins to run once the franchisee becomes aware of facts or circumstances reasonably indicating that he may have a claim for relief with respect to conduct governed by the IFDA. Finally, the shortest period is ninety days and begins to run when the franchisee receives written notice disclosing the violation. Tecumseh contends that the termination letter it sent to Industrial Engine constitutes written notice disclosing the violation such that the ninety-day statute of limitations applies. If true, this action would be time barred because more than ninety days passed between the day the letter was received and the day the suit was filed.

In opposing this motion, Industrial Engine contends that the termination letter did not disclose a violation of the IFDA, such that the ninety-day statute of limitations is ineffective to bar its current claim. Industrial Engine outlines the differences in the types of events that trigger the

4

one-year statute of limitations as opposed to the ninety-day statute of limitations. According to Industrial Engine, the only event that triggers the ninety-day statute of limitations is an admission by the franchisor in writing to the franchisee that it has violated the IFDA. Industrial Engine further contends that because franchisees become immediately aware of any causes of action they might have under such circumstances, they have only a short period of time to determine their course of action. The one-year statute of limitations, on the other hand, allows more time to file suit because with no affirmative notice of a right to file suit under the IFDA, the franchisee, who is usually a layman, must seek legal advice to determine its rights.

Industrial Engine asserts that the termination letter never even mentioned the IFDA, let alone admit liability under it. In fact, Tecumseh expressly asserted in the letter that it was within its rights under the contract to terminate without cause. Therefore, according to Industrial Engine, the letter did not disclose the violation, but itself constituted the violation. Accordingly, the termination contained in the letter, combined with its consultation with attorneys, merely made Industrial Engine aware of facts and circumstances reasonably indicating that it may have a claim for the wrongful termination, which happens to be governed by the IFDA. Consistent with this position, Industrial Engine contends that the one-year statute of limitations is controlling. If this were true, this action would not be time barred since the period of time between Industrial Engine's receipt of the termination letter/consultation with attorneys and the date it filed suit fell well within one year.

Because there is no case law construing the applicability of the ninety-day statute of limitations, this Court looks to *Pyramid Controls Inc. v. Siemens Industrial Automation, Inc.*, 172 F.3d 516, 520 (7th Cir. 1999) (construing the one-year statute of limitations) as directed by both parties. The facts of this case can be analogized to the current case to the extent that the way the

5

agreement in *Pyramid* was terminated is similar to the termination in the case at bar. In *Pyramid*, the franchisor gave the franchisee oral notice of termination, but then provided a written notice of termination two months later that neither mentioned the IFDA nor admitted any fault on its part. *Id.* at 517. Under these circumstances, the one-year statute of limitations was applied, but did not begin to run with the notice of termination. *Id.* at 520.

The period of limitations began to run once the franchisee consulted with an attorney regarding the termination. *Id.* Knowledge of a potential claim under the IFDA was then imputed to the franchisee. *Id.* The lower court in *Pyramid* noted that "[w]hile the termination of the distributor agreements on June 14, 1995, might have indicated to Pyramid that it had some cause of action against Siemens, the termination did not necessarily "reasonably indicate" a violation of the IFDA." *Pyramid Controls, Inc. v. Siemens Indus. Automations, Inc.*, 977 F. Supp. 892, 895 (N.D. Ill. 1997). Both the lower court and the Seventh Circuit acknowledged under this set of facts that "knowledge of a Franchise Act violation is a mixed question of law and fact on which the layman is entitled to acquire his first knowledge from an attorney," and that knowledge of a violation will not be imputed to a franchisee before they have had a chance to consult with an attorney. *Pyramid*, 172 F.3d at 518-19 (citing to *Brenkman v. Belmont Mktg., Inc.*, 87 Ill. App. 3d 1060, 1065, 410 N.E.2d 500, 504 (1980)). Accordingly, the Seventh Circuit determined that Illinois courts deem the statute of limitations to be triggered once the franchisee has gained knowledge of facts reasonably indicating a claim and has consulted with an attorney. *Id.* at 519.

Upon review of this case law, it becomes immediately clear that Tecumseh has failed to meet its burden with regard to this claim. Industrial Engine has sufficiently raised an issue of material fact as to whether the termination letter constitutes written notice disclosing the violation. If this type of notice on its own was insufficient to reasonably indicate a potential claim under the

6

IFDA and trigger the one-year statute of limitations, it cannot be said to meet the more stringent notice requirement that triggers the ninety-day statute of limitations. Furthermore, the *Pyramid* court's refusal to impute knowledge of a potential claim under the IFDA to franchisees before they have had an opportunity to consult with an attorney lends credence to the argument that the ninety-day statute of limitations requires an actual admission of liability by the franchisor under the IFDA before the statute of limitations will begin to run.

Tecumseh next seeks summary judgment as to the breach of contract claim on the ground that the claim arises solely as a result of the alleged violation of the IFDA. Such actions, according to Tecumseh are expressly disallowed by Section 28. This section provides, in relevant part, that civil actions arising "by implication from or as a result of" a violation of the IFDA are precluded except as explicitly provided for in the Act. 815 ILL. COMP. STAT. 705/28. According to Tecumseh, with fact discovery virtually at its end, Industrial Engine has failed to plead any act or omission by Tecumseh that would constitute a breach of contract in the absence of the IFDA provision voiding the parties' contractual provision allowing for termination without cause.

In opposition to summary judgment of this claim, Industrial Engine points to another relevant provision of Section 28. It provides, "[n]othing in this Act shall limit any liability which may exist by virtue of any other statute or under common law if this Act were not in effect." 815 ILL. COMP. STAT. 705/28. Based on this language, Industrial Engine argues that its breach of contract claim must stand because the CWD agreement is a contract and the ten-year statute of limitations for written contract claims applies.

It appears as though Industrial Engine misunderstands the grounds on which Tecumseh has moved for summary judgment regarding the breach of contract claim. Tecumseh is not arguing that this claim is barred by the statute of limitations, it is arguing that the claim is precluded by the

7

IFDA. This Court finds that Tecumseh has sufficiently met its burden with respect to this claim. Under Illinois law, the language of a statute provides the best indication of the legislature's intent. *United States Fire Ins. Co. v. Barker Car Rental,* 132 F.3d 1153, 1156 (7th Cir. 1997). The language of the statute that Tecumseh relies upon is unambiguous and clearly aims to preclude causes of action that would be unavailable "but for" a violation of the Act. The language Industrial Engine relies upon is also unambiguous in that it does not preclude any causes of action available outside of this Act. Here, without the provision of the Act voiding termination without cause clauses, there would be no breach of the CWD agreement. *See* 815 ILL. COMP. STAT. 705/19; 815 ILL. COMP. STAT. 705/41. Furthermore, Industrial Engine has not provided any facts that would give rise to a breach of contract claim independent of the Act. Therefore, this cause of action cannot stand.

In sum, because Industrial Engine has raised an issue of material fact as to whether the termination letter contained written notice disclosing a violation of the IFDA, thereby putting the applicability of the ninety-day statute of limitations into question, Tecumseh's motion for summary judgment regarding the IFDA claim (Count I) is denied. Because Industrial Engine has failed to set forth any facts that would entitle it to a breach of contract claim without relying on an underlying violation of the IFDA, the Court grants Tecumseh's motion for summary judgment as to the breach of contract claim (Count II).

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted in part and denied in part. The Court grants defendant's motion as to Count II and denies the motion as to Count I.

SO ORDERED          ENTERED: 3/14/01

*Ronald A. Guzman*
**Hon. Ronald A. Guzman**
**United States Judge**